O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ken Jun Meng,<br><br>                    Plaintiff,<br>      v.<br><br>Bank of America, N.A. et al,<br><br>                    Defendants. | Case No. 5:13-cv-02369-R (DTBx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF JUDGE MANUEL REAL** |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Recuse Judge Manuel Real pursuant to 28 U.S.C. §§ 144 and 455(a).  See General Order 08-05 § 4.0.  Satisfied that the circumstances requiring disqualification do not exist here, the Court **DENIES** the Motion.

## II. FACTUAL SUMMARY

On February 22, 2012 the Defendant in the matter of *Ken Jun Meng v. Bank of America NA*, Case number 5:12-cv-00268-R-DTB removed the case from Riverside Superior Court to this court. [DE 1].  The suit sought to redress wrongs Plaintiff

perceived were visited upon him in connection with the foreclosure of the mortgage on his home.  On February 29, 2012 Defendant Bank of America filed a motion to dismiss the Second Amended Complaint. [7] That motion was briefed, argued and ultimately granted on April 10, 2012 [15].

On April 26, 2012 Plaintiff filed a Motion to "Vacate Void Judgment" arguing all manner of misconduct by Judge Real, including treason, in dismissing the case.  The court construed the motion as one for reconsideration, and then denied it on the grounds that it failed to satisfy any of the bases for granting a motion for reconsideration. [25].

Undaunted, Plaintiff filed the instant case on December 26, 2013, three years after the foreclosure, in the transparent attempt to continue the fight, but before a different judge.  Again, Bank of America is named as a defendant. [1].  Once again, the defendants filed a motion to dismiss, this time on res judicata and collateral estoppel grounds, as well as others. [4].

Plaintiff's blatant "judge shopping" ploy worked temporarily.  Initially the case was randomly assigned to Judge Audrey B. Collins.  On January 9, 2014 the matter was reassigned to Judge Real, for the reason that the instant matter "[a]rise[s] from the same or closely related transactions, happenings or events; [ ] [c]all[s] for determination of the same or substantially related or similar questions of law and fact;

2

and [f]or other reasons would entail substantial duplication of labor if heard by different judges."

### III   LEGAL STANDARD

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §§ 144 and 455(a) & (b) (1) governs motions to disqualify. The standard for recusal is the same under both sections. The Ninth Circuit has articulated the standard for disqualification as follows:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ... they cannot possibly show reliance upon an extrajudicial source.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do   not   support a bias or partiality challenge. They may do so if they reveal an opinion that derives      from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9thCir. 2008) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994). At bottom, the question is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Johnson, 610 F. 3d 1138, 1147 (9th Cir. 2010) (internal quotation marks omitted.) "'Judicial ruling alone almost never constitute a valid basis for a bias or partiality motion.'" *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986). Plaintiff's recusal motion is grounded entirely in Judge Real's rulings. Indeed, Plaintiff offers to withdraw this motion is Judge Real will reconsider his ruling in the earlier case (12-268 R) (Mot. p. 6:5-10)

## IV    DISCUSSION

The reassignment of this case back to Judge Real's court prompted Plaintiff's Motion for Recusal. Plaintiff is apparently familiar with the basis for disqualification of a judge, for indeed he has cited them along with case authority. What is woefully absent, however, are "facts" to support the conclusory assertions that Judge Real is biased for or against one party or the other, or that one familiar with the facts would conclude that Judge Real's impartiality could reasonably be questioned. There is but a single example of conduct by Judge Real which Plaintiff relies upon to challenge Judge Real's ability to sit as a fair and impartial jurist on this case.

Plaintiff complains that he was not given an opportunity to argue orally at the hearing on the motion to dismiss. There was no argument by the moving party; therefore there was nothing for Plaintiff to rebut. He had filed written opposition, albeit late, therefore he cannot make the argument that he was denied due process of law. Plaintiff does not argue that he would have raised additional legal arguments that were not in his brief. Indeed, courts expect and require that all relevant arguments be presented in writing before the hearing, to permit the court to give careful consideration of same in rendering a decision.

There is no requirement that a judge permit the parties to argue motions. More often than not, motions are decided on the papers without a hearing. (Fed. R. Civ. P 78; L.R. 7-15.) There is therefore nothing unusual in a judge deciding a motion without hearing oral arguments from counsel, which all too often are a repetition of matters already addressed in their papers.

Plaintiff also complains that he was "kicked out from the court without saying anything." (Mot. at p. 2:27-28.). Pages 5-7 of the transcript of the hearing, attached to Plaintiff's motion papers tell the complete story. Plaintiff fails to note that Judge Real gave a detailed explanation of why each cause of action was being dismissed, all the while being interrupted by plaintiff improperly "objecting". Plaintiff also fails to note that after Judge Real explained why he was dismissing each and every cause of

action, his clerk called the next case, yet Plaintiff continued to defiantly stand at the lectern. In fact, the Clerk called the next case four times and Plaintiff would not remove himself from the lectern. Again, Judge Real advised Plaintiff that his case was dismissed and he should remove himself from the lectern. He repeated that instruction four times. Twice that instruction included the admonition that if he did not remove himself, he would be removed.

There is no question that a judge is in charge of the proceedings in his or her court, and has the right to employ effective methods of insuring court decorum and dignity. (Corpus Juris Secundum §150.) Nothing more that the proper exercise of judicial authority to prevent the disruption of the orderly administration of justice is evidenced here

## V.  CONCLUSION

Plaintiff complains that he has been denied his day in court. (See Mot. at p. 2:12.) The Court disagrees. He has had more than his day in court. He has used and abused scarce judicial resources simply because he cannot accept decisions of the court in which he disagrees. His remedy under such circumstances is to file an appeal to a reviewing court. It is improper to refile new lawsuits to redress the same grievances in the hopes of it being assigned to a different judge with the expectation of

a different result.  Plaintiff is cautioned that a reoccurrence of that conduct will result in the imposition of monetary sanctions.

The Motion for Recusal of Judge Manuel Real is **DENIED.**

**IT IS SO ORDERED.**

February 27, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**